HATFIELD, Associate Judge, did not participate in this case.

24 C.C.P.A.(Patents)

## BERNARD v. WHITE.

### Patent Appeals No. 3766.

Court of Customs and Patent Appeals.
March 29, 1937.

742

Donald M. Carter, of Chicago, Ill., for appellant.

Cleon J. Sawyer, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office in an interference proceeding instituted between the appellant, David G. Bernard, and the appellee, Bruce C. White. The interference was declared between a reissue application of the party White, seeking a reissue of a patent granted April 26, 1932, on an application filed June 20, 1923, and a patent of the party Bernard, granted December 12, 1933, upon an application filed January 16, 1932.

The single count of the interference was claim 5 from the Bernard patent, and is as follows:

"A paper delivering device comprising a belt, means for driving said belt, a roll supporting device in proximity to said belt, and carrying a plurality of rolls of paper adapted to be successively brought into contact with said belt while the paper is being delivered therefrom, means for utilizing the same belt for bringing the new roll of paper up to the speed of the web being delivered from the expiring roll, and a pressure device separate from said belt for pressing the web of the expiring roll and the new roll together to connect them, the new roll having adhesive on the web to facilitate this connection."

Bernard filed a preliminary statement, alleging conception of the subject-matter of the issue about March 2, 1928, the first written description on the same date, a disclosure of the same to others on the same date, and a reduction of his invention to practice on or about September 1, 1931. Bernard then moved to dissolve the interference on the grounds that White could not make the count, and that there was, in fact, no interference.

The Examiner denied the motion to dissolve and priority was awarded to the party White. On appeal, the Board of Examiners affirmed the award of priority. The party Bernard has appealed.

The sole question involved is whether the count of the interference will read on the disclosure of the party White.

The Bernard patent, from which the count of the interference is taken, relates to "paper delivering devices particularly adapted to deliver paper to printing presses and the like." It is stated in the patent that in the prior art, in delivering paper to power presses, it has been necessary to slow down the presses when the delivery of paper was changed from one roll to another, and that the object of this invention was to make possible the changing of delivery from an old to a new roll while the presses were running at full speed. In order to accomplish this object, Bernard provides a reel with three arms to hold three rolls of paper for successive use.

A set of endless belts is so arranged over direction changing devices that a portion of the set, which acts as one belt, is held in contact with the exterior of the roll being fed to the press, and rotates the roll. The belt is held taut by proper weighting devices. When the web of the old roll is about exhausted, a pressure device presses the web of the expiring roll against the web of the new roll with sufficient pressure to cause a portion of the new roll which is provided with paste to adhere to the expiring roll, and immediately thereafter a severing device cuts off the paper on the old roll back of the paster. The new web then runs until the roll is almost exhausted, when the reel again revolves and another roll is presented, being first brought into motion by contact with the belt or series of belts.

While the Bernard application was under consideration, it appears that claim 5, here in issue, was rejected on White, also here in issue. It was represented, however, to the office, that in White there were two sets of belts, and that White, therefore, did not have Bernard's inventive idea. There-

upon this rejection was apparently withdrawn as to claim 5.

White's application discloses a roll changer mechanism, the object being to change rolls and paste webs while the presses are in full motion. White's roll changer holds two rolls and uses two belts. The partly exhausted roll is mounted in one arm of a two-arm holder, and is being fed into the presses by a traction belt which is in contact with the outside of the roll. A new roll is then inserted into the other arm or holder. When the old roll is approaching exhaustion, another belt is lowered upon the new roll to set it in motion. When the new roll is running at full speed, a valve is turned which lowers the pasting roll and presses the old web upon the new roll and makes a paster. A knife then severs the old web, and the web proceeds from the new roll. When the new roll has been reduced to about one-half its original diameter, or one-quarter of its original weight or contents, the reel is revolved, finally bringing the active roll into the former position of the expiring roll. It is quite apparent, from the specification and drawings, that two complete feed rolls cannot be held by the reel at the same time, but that the old roll must be largely exhausted before the new roll can be finally dropped in place.

At the time Bernard entered the field, the art knew only the two-belt feed in making high speed pasters. The record contains several patents which show this: Wood, No. 1,843,436, Hammer, No. 1,738,002, and the former White patent, No. 1,855,503. Bernard was evidently trying to better this state of the art and to substitute one continuously moving belt for two that were intermittent in their action. As insisted by counsel for appellant, Bernard went contrary to the accepted practice of his art and seems to have made a real contribution thereto.

In our opinion, the count of the interference does not read upon the White disclosure. The count specifically provides that the device shall contain *a belt*. The White device uses two belts and requires them for its operation. Without two belts, it could not be successfully operated. Again the count recites, "a roll supporting device in proximity to *said belt,* and carrying a *plurality* of rolls of paper adapted to be successively brought into contact with *said belt while the paper is being delivered therefrom.*" (Italics ours). It is impossible to disregard the many limitations contained in this language as the tribunals below have done. The roll supporting device is not in proximity to one traction belt at all times. The reel does not carry a plurality of rolls of paper, but never more than one complete roll and a partially exhausted one. The rolls of paper, whether complete or partial, are not adapted to be brought into contact with the one traction belt while the paper is being delivered therefrom, but are changed from one traction belt to another while this delivery is being made. "Means for utilizing *the same belt for bringing the new roll of paper* up to the speed of the web being delivered from the expiring roll" (italics ours) is not found in White's disclosure.

It is true that counts of an interference should be given a broad construction. It is also true that express limitations cannot be disregarded. In re Bijur, 40 F.(2d) 999, 17 C.C.P.A.(Patents) 1134; Stephen D. Hartog v. Elmer C. Long et al., 47 F.(2d) 365, 18 C.C.P.A.(Patents) 993; William E. Moore v. Albert E. Greene, 48 F.(2d) 960, 18 C.C.P.A.(Patents) 1317; Henry Dreyfus v. Leon Lilienfeld, 49 F.(2d) 1055, 18 C.C.P.A.(Patents) 1526; Garrett W. Mudd v. Otto A. Schoen, 54 F.(2d) 959, 19 C.C.P.A.(Patents) 840.

In the opinion of the court, the party White cannot make the count, and the decision of the Board of Appeals is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate in this case.